UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **EUGENE SCALIA**, Secretary of Labor, United States Department of Labor,<br><br>     Plaintiff,<br><br>    v.<br><br>**INDEPENDENT HOME CARE OF MICHIGAN LLC, KATHRYN FLICK,** an individual, and **MARY CLARK,** an individual,<br><br>     Defendants. | Civil action no.:<br>Legal and Equitable Relief Sought |

## COMPLAINT

Plaintiff, **EUGUENE SCALIA**, Secretary of Labor ("Secretary"), United States Department of Labor, brings this action to enjoin and restrain Defendants **INDEPENDENT HOME CARE OF MICHIGAN LLC, a Michigan Limited Liability Company, Kathryn Flick, and Mary Clark** from violating 29 U.S.C. §§ 207, 211, and 215 of the Fair Labor Standards Act of 1938, as Amended (29 U.S.C. § 201 et seq) (hereinafter, "the Act"), and to recover unpaid overtime compensation owing to Defendants' employees together with an equal additional amount as liquidated damages, pursuant to 29 U.S.C. §§ 216(c) and 217 .

I

Jurisdiction of this action is conferred upon the Court by sections 16(c) and 17 of the Act (29 U.S.C. §§ 216(c) and 217) and 28 U.S.C. § 1345.

II

(A)     **INDEPENDENT HOME CARE OF MICHIGAN LLC,** (hereinafter "the Corporate Defendant"), is and, at all times hereinafter mentioned, was a Michigan limited liability company with an office located at 14165 N Fenton Road, Fenton, Michigan, 48430, in Genesee County, within the jurisdiction of this Court.  The Corporate Defendant is and, at all times hereinafter mentioned, was engaged in managing a healthcare staffing agency and the performance of related types of activities.

(B)     **KATHRYN FLICK** is and, all times hereinafter, was an owner of the Corporate Defendant, and actively supervised the day-to-day operations and management of the Corporate Defendant in relation to its employees, including, but not limited to supervising employees, determining pay practices and maintaining authority to hire and fire employees of the Corporate Defendant. At all times hereinafter mentioned, **KATHRYN FLICK** is and was engaged in business within Genesee County, within the jurisdiction of this court. **KATHRYN FLICK** acted directly or indirectly in the interest of the Corporate

Defendant in relation to employees and is an employer within the meaning of 29 U.S.C. §203(d).

(C) **MARY CLARK** is and, all times hereinafter, was an owner of the Corporate Defendant, and actively supervised the day-to-day operations and management of the Corporate Defendant in relation to their employees, including, but not limited to supervising employees, determining pay practices and maintaining authority to hire and fire employees of the Corporate Defendant. At all times hereinafter mentioned, **MARY CLARK** is and was engaged in business within Genesee County, within the jurisdiction of this court. **MARY CLARK** acted directly or indirectly in the interest of the Corporate Defendant in relation to employees and is an employer within the meaning of 29 U.S.C. § 203(d).

### III

The Corporate Defendant was and, at all times hereinafter mentioned, is engaged in related activities performed through unified operation or common control for a common business purpose, and, at all times hereinafter mentioned, was an enterprise within the meaning of 29 U.S.C. § 203(r).

### IV

The Corporate Defendant was and, at all times herein after mentioned, was an enterprise within the meaning of section 3(s)(1)(A) of the Act (29

U.S.C. § 203(s)(1)(A)) in that said enterprise at all times hereinafter mentioned had employees engaged in the commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise had an annual gross volume of sales made or business done of not less than $500,000.

V

Defendants violated the provisions of sections 7 and 15(a)(2) of the Act (29 U.S.C. §§ 207 and 215(a)(2)), by employing employees who in workweeks were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid, for workweeks longer than 40 hours without compensating said employees for their employment in excess of 40 hours per week during such workweeks at rates not less than one and one-half times the regular rate at which they were employed. Specifically, since at least June 3, 2017, Defendants paid employees "straight-time" wages for all hours worked, and did not pay overtime compensation even when employees worked more than 40 hours in a workweek.

## VI

Defendants violated the provisions of sections 11(c) and 15(a)(5) of the Act (29 U.S.C. §§ 211(c) and 15(a)(5)) in that they failed to make, keep, and preserve adequate and accurate records of the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations found in 29 C.F.R. Part 516. Since at least June 3, 2017, Defendants' records failed to tally adequately and accurately, among other things, the total hours worked each workday and the total overtime hours worked each workweek with respect to employees. As a result, Defendants' records also failed to reflect the true and accurate regular rates at which employees were employed.

## VII

Defendants have repeatedly violated the provisions of the Act as set forth above. A judgment that enjoins and restrains such violations and includes the restraint of any withholding of payment of unpaid overtime compensation found by the court to be due to present and former employees under the Act is expressly authorized by 29 U.S.C. § 217.

**WHEREFORE**, cause having been shown, plaintiff prays for judgment against Defendants as follows:

    **A.**    For an Order pursuant to 29 U.S.C. § 217, permanently enjoining and restraining the Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them from prospectively violating the Act; and

    **B.**    For an Order:

    1.    pursuant 29 U.S.C. § 216(c), finding Defendants liable for unpaid overtime compensation due Defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due their employees listed in the attached Exhibit A (additional back wages and liquidated damages may be owed to certain employees presently unknown to plaintiff for the period covered by this complaint); or, in the event liquidated damages are not awarded,

    2.    pursuant to 29 U.S.C. § 217, enjoining and restraining the Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants, from withholding payment of unpaid overtime compensation found to be due their employees and pre-judgment interest computed at the underpayment rate established by the Secretary of the Treasury, pursuant to 26 U.S.C. § 6621;

    **C.**    For an Order awarding plaintiff the costs of this action; and

    **D.**    For an Order granting such other and further relief as may be necessary and appropriate.

| | |
|---|---|
| | **KATE S. O'SCANNLAIN**<br>Solicitor of Labor |
| P.O. ADDRESS:<br>Office of the Solicitor<br>U.S. Department of Labor<br>230 S. Dearborn St., Room 844<br>Chicago, Illinois 60604<br>Telephone no.:  312/353-0890<br>Facsimile no.: 312/353-5698<br>E-mail:Rothfeder.Lindsey@dol.gov | **CHRISTINE Z. HERI**<br>    Regional Solicitor<br><br>s/ Lindsey Rothfeder<br>**LINDSEY ROTHFEDER**<br>Trial Attorney |
| | LOCAL COUNSEL: |
| United States Attorney's Office<br>Eastern District of Michigan<br>211 W. Fort Street, Suite 2001<br>Detroit, MI 48226<br>Telephone no.: 313-226-9784<br>Facsimile no.: 313-226-3271<br>Peter.Caplan@usdoj.gov | **MATTHEW SCHNEIDER**<br>U.S. Attorney<br>Eastern District of Michigan<br><br>**PETER CAPLAN**<br>Civil Division Chief<br><br>Attorneys for **Eugene Scalia**, Secretary of Labor, United States Department of Labor, Plaintiff |