20-UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTY J. WALSH,

    Plaintiff,

v.

INDEPENDENT HOME CARE OF
MICHIGAN, LLC et al.,

    Defendants.
_____/

Case No. 20-10170
Honorable Victoria A. Roberts

## ORDER DENYING
## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [ECF No. 20]

**I. INTRODUCTION**

    The U.S. Department of Labor ("DOL") sued the owner and co-owner of Independent Homecare of Michigan LLC ("IHC"), Mary Clark and Kathryn Flick, for violating the Fair Labor Standard Act's ("FLSA") overtime rules. Defendants move this Court for summary judgment and partial summary judgment, pursuant to Fed. R. Civ. P. 56. They ask this Court either to dismiss the case in its entirety, or to dismiss or decrease Plaintiff's liquidated damages claim.

    Plaintiff brings this action, in part, to recover $46,665 in back wages. He also requests an equal amount in liquidated damages. He says IHC owes this by statute for its failure to pay overtime compensation between

January 23, 2018 through June 1, 2019, in violation of Section 7 of the Fair Labor Standards Act of 1938 ("FLSA").

## II. LEGAL STANDARD

Under Fed. R. Civ. P. 56, summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2505, 2507, 91 L. Ed. 2d 202 (1986). "The court must view the evidence in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

## III. ANALYSIS

### A. The Portal to Portal Act 29 U.S.C. § 259 (1994)

Defendants say they are not liable for back wages or liquidated damages. They say the Portal to Portal Act, 29 U.S.C. § 259 (1994) ("PPA") provides an affirmative defense because they acted "in good faith conformity with and in reliance on" a previous DOL Regulation, 29 C.F.R.

§552.109 (1975), which exempted IHC as a companionship services company from paying overtime wages. They say they were unaware of the change in the law in 2013 (2013 Home Care Rule) which rendered the companionship services exemption inapplicable to IHC, thus requiring IHC to pay overtime.

Plaintiff says Defendants' ignorance of the law is not a defense to excuse their obligations under the FLSA. The rule change, Plaintiff says, was widely reported through mainstream media, health care trade publications, and websites as opponents challenged it in federal court, the D.C. Court of Appeals and the U.S. Supreme Court. Plaintiff claims Defendants failed to show that they acted as a reasonably prudent person would have acted under similar circumstances because Defendants neglected to make a reasonable effort to see if wage laws changed by subscribing to newsletters or trade groups or consulting an expert on the subject such as an outside accountant or an attorney.

In pertinent part, the PPA states:

> "[N]o employer shall be subject to any liability…to pay…[unpaid] overtime under the [FLSA]…if [the employer] proves that the action or omission complained of was in good faith conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation, of the agency of the United States…or any administrative practice or enforcements policy of such agency with respect to the class of employers to which he belonged. Such a defense, if established, shall be a bar to the action or

3

> proceeding, notwithstanding that after such act or omission, such administrative regulation, order, approval, interpretation, practice, or enforcement policy is modified or rescinded or is determined by judicial authentic to be invalid or of no legal effect.

29 U.S.C. § 259."

The employer must establish an affirmative defense under the PPA. *See Perry v. Randstad General Partner*, 876 F.3d 191, 213 (6th Cir. 2017).

After reviewing the parties' briefs, the Court finds genuine issues of material fact preclude summary judgment; primarily, whether Defendants acted in "good faith" after the 2013 Home Care Rule went into effect. See *Henchy v. City of Absecon*, 148 F.Supp.2d 435, 442 (D.N.J.2001) ("[b]y its very nature, the question of good faith is fact intensive and implicates a question of credibility for the trier of fact"). A reasonable juror could conclude Defendants did not act in "good faith" when for six years they failed to notice a change in the law which directly affected payroll procedures. Defendants' motion for summary judgment on its good faith affirmative defense is **DENIED**.

Moreover, Defendants cite *Swigart v. Fifth Third Bank*, 870 F. Supp. 2d 500 (S.D. Ohio 2012) to support their affirmative defense; however, in *Swigart*, the parties had engaged in discovery before the Court considered a dispositive motion. *Id*. at 502. Here, discovery is ongoing; it may reveal further relevant facts.

4

### B. Liquidated Damages

Defendants argue even if the Court finds them liable for back wages, the Court should not award liquidated damages because they acted in good faith and had reasonable grounds to believe that they were not violating FLSA overtime requirements.

Plaintiff says Defendants fail to meet their burden to establish they acted reasonably and in good faith; over 19 years of operation Defendants made little to no effort to stay abreast of the law.

An employer who violates the FLSA's minimum wage or overtime provisions is liable to the employee or employees affected in the amount of the unpaid overtime compensation "and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b); *Sec'y of Lab. v. Timberline S., LLC*, 925 F.3d 838, 856 (6th Cir. 2019). However, if the employer shows that the act or omission which gave rise to such action was in good faith and that the employer had reasonable grounds to believe that the employer's act or omission was not a violation of the FLSA, the Court may, in its discretion, decline to award liquidated damages, or award an amount less than the statutory limit. 29 U.S.C. 260. "To prove that it acted in good faith, an employer 'must show that [it] took affirmative steps to ascertain the

5

Act's requirements, but nonetheless violated its provisions.'" *Sec'y of Lab.* at 856.

Mary Clark ("Clark") started IHC in 2000 with the correct legal understanding that IHC was exempt from paying overtime wages to its employees. Mary Clark learned about the Companionship Services Exemption through an investigator at the DOL in 1999. Defendants say their employees attended continuing education training and relied on Genesee Health Systems and a poster company to update it on federal labor laws. Whether these things constitute sufficient "affirmative steps" to show that Defendants acted in good faith, is a question of fact which precludes summary judgment on the issue of liquidated damages.

Finally, Plaintiff asks the Court to enter judgment in favor of the secretary on all issues in its complaint. However, it is improper under this Court's Electronic Filing Policies and Procedures to combine a response to a motion with a motion for affirmative relief. *See* Electronic Filing Policies and Procedures, Rule 5(f) ("... a response or reply to a motion must not be combined with a counter-motion."); *Maye v. Klee*, No. 14-10864, 2017 WL 9802821, at *13 (E.D. Mich. Mar. 3, 2017). Additionally, Federal Rule of Civil Procedure 7(b) requires that "[a] request for a court order must be

6

made by motion." Plaintiff is not entitled to seek affirmative relief via its response to Defendants' motion for summary judgment.

The Court **DENIES** Defendants' motion for summary judgment in its entirety.

The motion hearing scheduled for August 5, 2021 at 9:00am is cancelled.

**IT IS ORDERED**.

s/ Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated:  July 20, 2021