# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| **MARTIN J. WALSH,** | ) | |
| Secretary of Labor, United States | ) | |
| Department of Labor, | ) | Case No: 20-10170 |
| | ) | Hon. Victoria A. Roberts |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **INDEPENDENT HOME CARE OF** | ) | |
| **MICHIGAN, LLC, KATHRYN FLICK,** | ) | |
| an individual, and **MARY CLARK,** | ) | |
| an individual, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER OF FINAL JUDGMENT

The Court conducted a bench trial on May 9-10, 2022.

The Court issued its *Findings of Fact and Conclusions of Law* on May 17, 2022 (ECF

Docket No. 50) in favor of Plaintiff Martin J. Walsh, Secretary of Labor, U.S. Department of

Labor ("Plaintiff") and against Defendants, Independent Home Care of Michigan, LLC, Kathryn

Flick, and Mary Clark (collectively "Defendants").

### I

**JUDGMENT ENTERS** in favor of the Plaintiff and against Defendants pursuant to

sections 16(c) and 17 of the Fair Labor Standards Act of 1938, as Amended, 29 U.S.C. 201 *et*

*seq.* (hereinafter the "Act") in the total amount of $93,331.20, plus interest as set forth in the

attached Exhibit A.

    A.  Defendants must deliver a check in the amount of $93,331.20 payable to "Wage and

        Hour – Labor" and sent to the U.S. Department of Labor, Wage and Hour Division,

Midwest Region, P.O. Box 2638, Chicago, Illinois 60690-2638. Defendants' payment represents the unpaid overtime compensation and liquidated damages found to be due for the period January 23, 2018 through June 1, 2019 to the present and former employees named in attached Exhibit A.

B.  Defendants must give the Secretary the full name, last-known address, last known phone number, and social security number for each employee named in Exhibit A.

C.  Once full payment is made by Defendants, representatives of the Secretary must distribute such amounts, less appropriate deductions for federal income withholding taxes and the employee's share of the social security (F.I.C.A.) tax, to the employees or their legal representative as their interests may appear, in accordance with the provisions of section 16(c) of the FLSA.  Defendants remain responsible for the employer's share of F.I.C.A. and other required state and federal tax obligations arising from or related to the back wages distributed by the Secretary.

## II

D.  Defendants, their officers, agents, servants, and all persons acting or claiming to act on their behalf and interest are permanently enjoined and restrained from violating the provisions of sections 7, 11(c), 15(a)(2), 15(a)(3), and 15(a)(5) of the FLSA, in any of the following manners:

1.      Defendants must not, in violation of 29 U.S.C. §§ 207 and 215(a)(2), employ any of their employees for workweeks longer than forty hours, unless they compensate them for hours worked in excess of forty hours at a rate equivalent to one and one-half times the regular rate at which they are employed.

2.      Defendants must make, keep, and preserve adequate records of all employees and the wages, hours, and other conditions and practices of employment maintained by them, as prescribed by the regulations issued pursuant to 29 U.S.C. §§ 211(c) and 215(a)(5) and found at 29 C.F.R. Part 516. Defendants must make these records available at all reasonable times to representatives of the Plaintiff.

3.      Pursuant to 29 U.S.C. § 215(a)(3), Defendants must not discharge or take any retaliatory action against any of their current or former employees because the current or former employee engages in any of the following activities:

a.   Discloses, or threatens to disclose, to a supervisor or to a public agency, any activity, policy, or practice of the Defendants or another employer, with whom there is a business relationship, that the employee reasonably believes is in violation of the FLSA, or a rule or regulation promulgated pursuant to the FLSA;

b.   Provides information to, or testifies before, any public agency or entity conducting an investigation, hearing or inquiry into any alleged violation of the FLSA, or a rule or regulation promulgated pursuant to the FLSA, by the Defendants or another employer with whom there is a business relationship;

c.   Objects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes is in violation of the FLSA, or a rule or regulation promulgated pursuant to the FLSA, including but not limited to accepting payment of damages in this matter.

A.  Defendants must pay Plaintiff's costs.   Plaintiff must file its petition for costs within 28 calendar days of this order.

3

**IT IS ORDERED.**

s/ Victoria A. Roberts
**Victoria A. Roberts**
United States District Judge

DATED: June 9, 2022