UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTY J. WALSH
Secretary of Labor,
United States Department of Labor,

Plaintiff,

v.

INDEPENDENT HOME CARE OF
MICHIGAN LLC, KATHRYN FLICK,
an individual, and MARY CLARK,
an individual,

Defendants.
_____/

Case No. 2:20-cv-10170
Judge Victoria A. Roberts
Maj. Judge Anthony P. Patti

**ORDER DENYING DEFENDANTS' MOTION
TO REVIEW THE CLERK'S TAXATION OF COSTS [ECF No. 57]**

I. **INTRODUCTION**

Before the Court is a Motion to Review the Clerk's Taxation of Cost filed by Defendants Independent Home Care of Michigan LLC, Kathryn Flick, and Mary Clark's ("Independent Home Care".)

The Court **DENIES** the motion.

II. **BACKGROUND**

On June 6, 2022, this Court entered judgment in favor of Plaintiff Marty J. Walsh in his suit against Independent Home Care. As the prevailing party,

1

Walsh filed a Bill of Costs with the Clerk of the Court. On August 29, 2022, the Clerk taxed $2,460.81 in costs. Under the Clerk's computation, Walsh should recover the $470.90 fee of a court reporter for appearing at and transcribing the deposition of Dan Russell.

Independent Home Care says this is not taxable. It says that Walsh did not read the transcript into the record at trial, the Court did not order the transcript, and Walsh did not attach the transcript to any motion. Independent Home Care claims that Walsh merely used Russell's deposition transcript to prepare for trial.

Walsh concedes that he did not use the transcript at trial. However, he argues that Russell was an uncooperative but essential witness. He says that Russell had his own counsel throughout the proceedings, and the deposition transcript was reasonably necessary if he needed to impeach Russell. Alternatively, Walsh argues that he used the deposition in his motion for summary judgment, which would make the transcript taxable.

III.  **Analysis**

Walsh should recover the $470.90. Under 28 U.S.C.A. § 1920, the Court may tax the cost of deposition transcripts necessarily obtained for use in trial. "Necessity is determined at the time of taking," and the fact that a

deposition is not actually used does not render it unnecessary. *Sales v. Marshall*, 873 F.2d 115,120 (6th Cir. 1989).

The court has broad discretion to allow or bar taxation of costs for the items listed in § 1920. *City of Sterling Heights v. United National Ins. Co.*, No. 03–72773, 2008 U.S. Dist. LEXIS 26990, at *8, 2008 WL 920135 (E.D.Mich. Apr. 3, 2008).

Rule 54(d) of the Federal Rules of Civil Procedure creates a presumption in favor of awarding costs to the prevailing party. *White & White, Inc. v. American Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986). The unsuccessful party bears the burden of overcoming the presumption. *Id.* Independent Home Care fails to do so.

Independent Home Care's central argument is that Walsh did not use the deposition in trial, and the Eastern District of Michigan's Bill of Cost Handbook does not allow costs for depositions not used. The Handbook provides guidelines parties must follow; however, it does not restrict the Court's statutory discretion to tax the cost of deposition transcripts necessarily obtained for use in trial. 28 U.S.C.A. § 1920. Additionally, the Sixth Circuit holds that deposition transcripts may go unused but still be reasonably necessary to litigation and warrant costs. *See Sales,* 873 F.2d

115. The critical question is whether the transcript was reasonably necessary to the litigation at the time of taking. Walsh proves it was.

Walsh says Russell's testimony was vital to attack Independent Home Care's defense to damages. However, Russell was not a cooperative witness, Walsh subpoena him for his deposition and his trial testimony. After receiving the subpoena, Russell obtained his own attorney, who represented him throughout the litigation. Walsh asserts that he had no control over Russell or his trial preparation and could not even be sure Russell would read his deposition before trial. Without the ability to prepare Russell for trial, Walsh claims that the transcript was reasonably necessary to ensure Russell testified consistent with his deposition and to impeach him in case he did not.

This Court agrees that Russell's deposition transcript—although unused at trial—was reasonably necessary to the litigation and Walsh is entitled to that cost.

The Court does not need to address Walsh's alternative argument.

IV. **CONCLUSION**

The Court **DENIES** Independent Home Care's Motion to Review the Clerk's Taxation of Costs. [ECF No. 58]. Independent Home Care must pay Walsh costs in the amount of $2,460.81.

4

**ORDERED**.

                                              s/ Victoria A. Roberts
                                              Victoria A. Roberts
                                              United States District Judge

Dated:  October 27, 2022